IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROXANA CARRERAS

    Petitioner,

v.                                     Case No. 5:22-cv-224/TKW/MAL

WARDEN KEVIN D. PISTRO,
F.C.I. MARIANNA

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Roxana Carreras initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking sentencing credits to which she believes she is entitled under the First Step Act (FSA), and an order compelling the Bureau of Prisons (BOP) to reconsider her for Home Confinement. ECF No. 1 at 7. She later filed a document the Court construed as a motion to supplement her petition, asserting that a BOP Program Statement supported her claim for FSA relief. ECF No. 8. This case is before the court on the Government's response in opposition to the § 2241 petition. ECF No. 10. Carreras did not file a reply, despite having been afforded the opportunity to do so.

After careful consideration of the petition as supplemented, the Warden's response and relevant law, I recommend the § 2241 petition be denied because Carreras did not exhaust her administrative remedies before filing her petition.

## I. BACKGROUND

Petitioner Carreras was sentenced in the Southern District of Florida to a term of 204 months' imprisonment followed by three years of supervised release after her conviction for conspiracy to commit health care fraud and wire fraud in violation of 18 U.S.C. § 1349. ECF No. 10-1. The court also ordered her to pay restitution of $8,392,935.47. *Id.*

She is in custody at the Federal Correctional Institution in Marianna, Florida with a projected release date of September 13, 2031. *See* https://www.bop.gov/inmateloc/. Before she received 365 days of FSA credits, her release date her projected release date was September 12, 2032. ECF No. 10-2 at 2.

## II. DISCUSSION

In her petition, dated September 6, 2022, Carreras raises two grounds for relief. First, she claims the Bureau of Prisons (BOP) has improperly withheld Evidence-Based Recidivism Reduction Training (EBBR) and Productive Activities (PS) Earned Time Credits (ETC) in excess of 365 days to which she is entitled under

the FSA. ECF No. 1 at 9. In Ground Two she claims the BOP has improperly required that she have served 50% of her sentence to qualify for Home Confinement under the CARES Act, and she asks that the BOP be required to disclose the reason she is inappropriate for home confinement and to reconsider her for same. *Id.* at 7, 9. Carreras claims, under penalty of perjury, to have fully exhausted her claims in "all appeals that were available." *Id.* at 6, 8.

In his response the Warden contends the petition is subject to dismissal because Carreras did not properly exhaust her administrative remedies. ECF No. 10 at 5. Carreras has presented nothing to rebut the Warden's response.

**A. Exhaustion is required before filing a § 2241 petition.**

Prisoners are required to exhaust their administrative remedies before filing a § 2241 petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir. 2015). Failure to exhaust is not a jurisdictional defect; rather, it is a defense that a respondent may assert, or choose to waive. *Id.* Respondent has not waived the defense in this case.

The BOP has the exclusive authority to compute sentence credit awards after sentencing. *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995). As with other § 2241 claims, an inmate who wishes to challenge the BOP's sentencing credit calculations "must typically exhaust his or her administrative remedies with the

Page 3 of 10

BOP" before filing a § 2241 petition. *Id*; *see also Jaimes v. United States*, 168 F. App'x 356, 358-59 (11th Cir. 2006) (affirming dismissal of § 2241 petition for failure to exhaust because inmate sought to challenge the computation of sentence credits without first going through the BOP's administrative remedy procedure); *see also Rey v. Warden, FCC Coleman-Low*, 359 F. App'x 88, 91 (11th Cir. 2009) (affirming denial of § 2241 challenging the BOP's calculation of credit for time served because petitioner failed to exhaust administrative remedies).

To properly exhaust administrative remedies, an inmate must comply with the prison's deadlines and procedural rules. *Blevins v. FCI Hazelton Warden,* 819 F. App'x 853, 856 (11th Cir. 2020); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To that end, the BOP has an administrative remedy procedure that allows an inmate to raise issues related to any aspect of imprisonment. 28 C.F.R. § 542.10 *et seq*. The BOP's administrative remedy procedure is a multi-tier system. *See* 28 C.F.R. §§ 542.10-542.19. Before seeking formal review, an inmate generally must first attempt to resolve the matter informally by presenting her complaint to staff on a form commonly referred to as a BP-8. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate may then initiate the formal review process.

The full, formal BOP administrative remedy procedure has three steps. First, the inmate must file a Request for Administrative Remedy, commonly referred to as

a BP-9, with the warden of the facility. 28 C.F.R. § 542.14; *see also Forde v. Miami Fed. Dep't of Corr.*, 730 F. App'x 794, 798 (11th Cir. 2018) (citing Federal Bureau of Prisons Inmate Admission & Orientation Handbook at 41; 28 C.F.R. § 542.14(a)-542.15(a)). The deadline for completion of the BP-8 and submission of the BP-9 is twenty days from the date of the incident leading to the grievance, although an extension may be granted if the inmate demonstrates a valid reason for delay. *Id*. If the inmate is dissatisfied with the warden's response to the grievance, the inmate may appeal to the Regional Director by filing a Regional Administrative Remedy Appeal or BP-10. 28 C.F.R. § 542.15(a). This appeal must be filed within twenty days of the warden's response to the grievance. *Id*. Finally, if the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the BOP's Central Office by filing a Central Office Administrative Remedy Appeal, or BP-11. 28 C.F.R. § 542.15(a). This appeal must be filed within thirty days of the Regional Director's response. *Id*. The appeal to the Central Office is the final administrative level of appeal in the BOP. To fully exhaust, an inmate must properly complete each step of the BOP administrative remedy process. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (citation omitted); *Blevins*, 819 F. App'x at 856. If the inmate does not receive a response within the time allotted for reply at any level, including extension, the inmate may

consider the absence of a response to be a denial at that level. 28 C.F.R. § 542.18.

The BOP uses a computerized system known as SENTRY to log and track inmate grievances as they progress through the administrative remedy process. *See* ECF No. 10-3 at ¶ 2. Remedies filed at the institutional level are given an identifying number and the suffix "- F." *Id.* at ¶ 4. Appeals of an administrative remedy maintain the same identifying number but receive the suffix "-R" (for BP-10s filed at the Regional Office) or "-A" (for BP-11s filed with the Central Office.) *Id.* If a remedy is rejected, it is returned to the inmate and the inmate is provided with a written notice explaining the reason for the rejection. *Id.* (citing 28 C.F.R. § 542.17(b)). If an inmate resubmits a deficient remedy, the remedy maintains the same identifying number but the numerical suffix changes from 1, which identifies the first submission, to a 2, which designates a second submission of the same remedy. *Id.* (citing PS 1301.02 at 3).

Adjudicating a motion to dismiss for failure to exhaust involves two steps. *Blevins,* 819 F. App'x at 856 (*citing Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008)). First, the Court "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must

be dismissed." *Turner*, 541 F. 3d at 1082 (citation omitted). In those cases where the case is not subject to dismissal at step one, the Court proceeds to step two. Step two requires the Court "to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. This case may be resolved at the first step because Respondent's exhibits clearly demonstrate Carreras did not exhaust her administrative remedies before filing the instant petition, and Carreras has offered nothing to suggest otherwise.

### B. Carreras has not exhausted her administrative remedies.

The Respondent Warden has presented uncontroverted evidence, in the form of a declaration signed by Bridgitte Forward, Secretary to the Associate Warden at FCI Marianna, that Carreras has not exhausted her administrative remedies as to her FSA claim. ECF No. 10-3.

Forward states in her declaration dated January 24, 2023, that her review of the SENTRY database reflects Carreras has filed three administrative grievances for a total of eight administrative remedy submissions. ECF No. 10-3, ¶ 5. Forward avers Carreras has not filed any administrative remedies regarding FSA credits, the subject of Ground One of the instant petition. *Id.*

Carreras did file administrative grievances regarding home confinement. On December 8, 2020, the Warden's office at FCC Coleman received a BP-9 from

Carreras asking she be reconsidered for home confinement, which was assigned Remedy No. 1059929-F1. ECF No. 10-3 at ¶ 6. The remedy was rejected because Carreras had not first filed a request for informal resolution with her Unit Team. She re-submitted the administrative remedy, which was assigned 1059929-F2, because it was the second submission of the same issue. On December 28, 2020, the Warden denied the remedy. Carreras did not appeal. *Id*. at ¶ 6.

On June 23, 2022, after her transfer to FCI Marianna, Carreras filed another BP-9 regarding the denial of home confinement, which was assigned Remedy No. 1124670-F1. ECF No. 10-3 at ¶ 7. On July 22, 2022, the Warden denied her remedy request, noting she was not appropriate for home confinement at the time. *Id.* On August 16, 2022, the Southeast Regional Director's office received Carreras's appeal, which was assigned Remedy No. 1124670-R1. This administrative remedy was denied on September 26, 2022. *Id.* Thus, the regional appeal was not denied until after Carreras file the instant § 2241 petition on September 6, 2022. *Id.*

On November 3, 2022, the Central Office received Carreras's BP-11 appeal of her administrative remedy, which was assigned Remedy No. 1124670-A1. ECF No. 10-3 at ¶ 9. The Central Office denied the remedy on December 12, 2022. *Id.*

Because Carreras did not properly complete all levels of the BOP's administrative remedy process before filing for habeas relief and the Warden has not

waived the defense of exhaustion, her petition is subject to dismissal on that basis.

### C. Carreras is not otherwise entitled to relief

Even if the Warden had waived the exhaustion defense, Carreras would not be entitled to relief. One of the exhibits to her petition, her Summary Reentry Plan Progress Report dated March 31, 2022, reflects a projected release date of September 12, 2032, as does her Sentence Monitoring Computation Data as of August 30, 2022. ECF No. 1 at 23, 28. However, Carreras' January 24, 2023, Sentence Monitoring Computation Data reflects she has been credited with 365 days of FSA credits and her projected release date is now September 13, 2031. ECF No. 10-2 at 2, ECF No. 10-4.

Furthermore, to the extent Carreras asserts in Ground Two of her petition that she is entitled to placement on home confinement, she is mistaken. This Court does not have the authority to order her placement on home confinement. *See United States v. Witt*, 43 F. 4th 1188, 1198 fn.6 (11th Cir. 2022); *United States v. Groover*, 844 F. App'x 185, 188, 189 (11th Cir. 2021) (the CARES Act does not "give the judiciary any authority to grant an inmate's request for home confinement").

Accordingly, it is respectfully RECOMMENDED:

1. Carreras's petition under 28 U.S.C. § 2241 (ECF No. 1) be DENIED and dismissed.

    2.    The clerk be directed to close the case file.

At Gainesville, Florida on September 21, 2023.

                              s/ *Midori A. Lowry*
                              Midori A. Lowry
                              United States Magistrate Judge

### **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.